

**THE LAW OFFICE OF**
**AVRAM E. FRISCH LLC**

**New Jersey Office**
1 University Plaza
Suite 119
Hackensack, NJ 07601

**New York Office**
150 Broadway
Suite 900
New York, NY 10038

**Avram E. Frisch Esq. – Admitted in NY and NJ.  Mail to NJ address.**

December 20, 2023

Hon. Mary Kay Vyskocil
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

<u>**Via  Electronic Filing**</u>

   Re: Style Stitch, Inc. v. The Avyan Group, LLC  1:23-cv-10701-MKV

Dear Judge Vyskocil:

   This firm represents  The Avyan Group, LLC, defendant in the above captioned matter.  I write to request a premotion conference to discuss Defendant's contemplated motion to dismiss the action pursuant to R. 12(b)(2) for lack of personal jurisdiction.  No inquiry has been made to the Plaintiff, but we assume they will not consent to this motion.

   The Defendant is a New Jersey limited liability company, whose sole member is Sumit Chowdhary.  Mr. Chowdhary resides at 5 Cambridge Way, Princeton Junction, NJ, 08550.  The Avyan Group operates out of his home and does not maintain any offices or other presence in the State of New York.  The complaint's allegation as to the showroom office space in Manhattan is only pleaded on information and belief, and is in any event false.  Similarly, the allegations claim that conduct occurred in this jurisdiction, but none of the events occurred in the Southern District of New York.

   The complaint essentially alleges that over a lengthy career, Mr. Chowdhary made relationships with parties in New York City, and that such relationships would justify the exercise of jurisdiction by this Court.  The complaint alleges that because Mr. Chowdhary meets customers on occasion in New York City that his company is now subject to general jurisdiction in the State of New York.

   Plaintiff bears the burden of demonstrating that the Court has jurisdiction over its claims.  Defendant may raise a dispute as to personal jurisdiction by "Rule 12(b)(2) motion, which assumes the truth of the plaintiff's factual allegations for purposes of the motion and challenges their sufficiency, <u>Ball v Metallurgie Hoboken-Overpelt, S.A., 902 F2d 194, 197 (2d Cir 1990)</u>.  "[T] he amenability of a foreign corporation to suit in a federal court in a diversity action is determined in accordance with the law of the state where the court sits"<u>Arrowsmith v. United Press Int'l, 320 F.2d 219, 223 (2d Cir. 1963)</u>.

   New York Law is governed by CPLR §§301-302.  The specific items listed in §302 do not cover any of the alleged transactions in the complaint.  Plaintiff admits that Defendant conducts its operations from New Jersey, other than meeting with customers.

 

Page **2** of **2**

«People_Full_Name»

It admits that the events in question arose from orders placed by Defendant from its office in New Jersey.  As such, CPLR 302(a)(1) does not apply as the contract was not formed in the state and did not call for any supply of goods within the state.  No tortious act is alleged, so there is no applicability to 302(a)(2) or (3).  The complaint does not involve real property in the state, so 302(a)(4) does not apply.

CPLR §301 requires a more than just occasional presence in New York for this Court to exercise jurisdiction over a foreign entity.  "[T]he aggregate of the corporation's activities in the State such that it may be said to be present in the State not occasionally or casually, but with a fair measure of permanence and continuity" Laufer v. Ostrow, 55 N.Y.2d 305, 310, 449 N.Y.S.2d 456, 459, 434 N.E.2d 692, 694 (1982) (internal citations and quotation marks omitted). The nature of the contacts described in the complaint, even if taken as true, do not constitute regular business in the state.  Instead, they demonstrate that Defendant conducts meetings in temporary locations or customer officers when an opportunity presents itself.  This is not the type of continuous presence necessary to establish jurisdiction.  As such, the case should be dismissed for lack of personal jurisdiction, and Defendant requests permission to make the motion contemplated by this letter.

Very truly yours,

Avram E. Frisch

Cc: Plaintiff



THE LAW OFFICE OF
AVRAM E. FRISCH LLC