

525 Seventh Avenue, Ste 1810
New York, NY 10018
t. 646-760-7013
sk@kakarlaw.net
kalpana@kakarlaw.net
www.kakarlawpc.com

**Sumeer Kakar, Esq. | Kalpana Nagampalli, Esq.**

December 27, 2023

**Via ECF**
Hon. Mary Kay Vyskocil
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St. New York, NY 10007

    Re: <u>Style Stitch, Inc. v. The Avyan Group, LLC 1:23-cv-10701-MKV</u>
       Pre-motion Letter Response by Plaintiff
       Personal Jurisdiction

Dear Judge Vyskocil:

  The undersigned, as counsel of record for Plaintiff Style Stitch, Inc. ("SSI"), is in receipt of Defendant's pre-motion letter. *See* Dk. No. 10. This is the first time the undersigned has learned of the Defendant's jurisdictional concerns. *Id*. We now respond to the Defendant's letter, pursuant to your Honor's Individual Rules, Section 4(A)(i).

  In short, SSI has met the pleadings burden set forth by Federal Rule (8)(a)(1) to establish that the Court has jurisdiction over the Defendant under N.Y. CPLR 302.

  By the way of background in our Circuit, prior to discovery, SSI need only make a prima facie showing of personal jurisdiction. *Warner Bros. Entm't Inc. v. Ideal World Direct*, 516 F. Supp. 2d 261, 265 (S.D.N.Y. 2007) (*quoting Ball v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir. 1990)) ("If the defendant is content to challenge only the sufficiency of the plaintiff's factual allegation, in effect demurring by filing a Rule 12(b)(2) motion . . . the plaintiff need persuade the court only that its factual allegations constitute a prima facie showing of jurisdiction."); *Baron Philippe de Rothschild, S.A. v. Paramount Distillers, Inc.*, 923 F. Supp. 433, 435 (S.D.N.Y. 1996). Furthermore, at this fledgling stage, the Court must accept the Plaintiff's allegations as true. *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993).

  Under CPLR 302 "a court may exercise personal jurisdiction over any non-domiciliary . . . who . . . transacts any business within the state" (CPLR 302(a)(1)). "By this single act statute . . . proof of one transaction in New York is sufficient to invoke jurisdiction . . . so long as the defendant's activities here were purposeful." *Deutsche*

*Bank Sec., Inc. v Montana Bd. of Invs.*, 7 NY3d 65, 71, 850 NE2d 1140, 818 NYS2d 164 (2006) [internal quotation marks omitted]. Relevant to Defendant's woeful position, this Court has established that "the nature and purpose of a solitary business meeting conducted for a single day in New York may supply the minimum contacts necessary to subject a nonresident participant to the jurisdiction of our [C]ourts" (*Presidential Realty Corp. v Michael Sq. W.*, 44 NY2d 672, 673, 376 NE2d 198, 405 NYS2d 37 (1978)).

Here, the operative Complaint (Dkt.No. 01) passes muster to survive a challenge to personal jurisdiction pursuant to the established law. While the Defendant's pre-motion letter is devoid of any specific citations or paragraphical references to the operation Complaint (Dkt. No. 01), in the said Complaint, for instance, *inter alia*, the Plaintiff alleges the following that meets the threshold for personal jurisdiction:

1. The Defendant has a showroom and/or office space in New York City's famed Garment Center in midtown Manhattan in furtherance of its garment wholesale / distribution business. *See* Complaint, ¶ 3.
2. In order to solicit, market and sell its products, the Defendant routinely and systematically rents showroom space in New York City's Garment Center to meet with retail buyers, display Defendant's line, and solicit purchase orders from retailers. *See Id.* at ¶ 12.
3. Defendant meets with Ross Stores, Inc. in its New York City offices to solicit products and prefect orders for production. *See Id.* at ¶ 14.
4. The products at issue between the parties were shipped to New York. *See Id.* at ¶ 22-23; *See* Exhibit A.[1] Exhibit A (*a true and correct copy of a bill of lading between the parties*) makes clear that the Defendant accepted goods in New York from the Plaintiff, as referenced in ¶ 22 of the Complaint.

Giving the forgoing exemplars from the Complaint, the Plaintiff meets its burden to survive the Defendant's contemplated challenge to personal jurisdiction. In the event, the Court disagrees, the Plaintiff preserves its **rights to amend the Complaint under Federal Rule 15(a)(1)(A)**. Moreover, the **Plaintiff would seek the Court's leave for jurisdictional discovery.** *Stratagem Dev. Corp. v. Heron Int'l N.V.*, 153 F.R.D. 535, 547-48 (S.D.N.Y. 1994). *See Alicea v. Lasar Mfg. Co.*, No. 91-CV-3929, 1992 U.S. Dist. LEXIS 13027, 1992 WL 230203, at *1 (S.D.N.Y. Aug. 31, 1992).

Thus, the Defendant's contemplated motion to challenge jurisdiction is facially in consistent with the law, fatal and ripe for discouragement.

> Respectfully Submitted,
> /s/ Sumeer Kakar
> Sumeer Kakar, Esq.

---

[1] References of documents in a complaint are incorporated into the complaint by the reference. *See* Federal Rule 10(c).

# Exhibit A

**COMMERCIAL INVOICE**

| Manufacturer/Exporter | | Invoice No & Date |
|---|---|---|
| M/s. Style Stitch Inc | | SSI/120/22-23, DT- 18.02.2023 |
| Plot No. 374, Udyog Vihar, Sector-37 | | Buyers Order No & Date |
| Phase - VI, Gurgaon -122001 | | 900064 |
| HARYANA/ INDIA. | | |
| PAN-ABIFS8720L | | Other Reference (s) |
| | | IEC NO. 0507033647 |

| Consignee | Buyer (if other than consignee) |
|---|---|
| THE AVYAN GROUP LLC | THE AVYAN GROUP LLC |
| 5 CAMBRIDGE WAY PRINCETON JUNCTION | 5 CAMBRIDGE WAY PRINCETON JUNCTION |
| NJ-08550 U.S.A. | NJ-08550 U.S.A. |
| PHONE:+1 201 245 5120 | PHONE:+1 201 245 5120 |

| NOTIFY & DELIVERY ADDRESS | Country of Origin | Country of Final Destination |
|---|---|---|
| SAME AS CONSIGNEE | INDIA | U.S.A |

Terms Of Delivery and Payment:
PAYMENT: TT 30% Advance Balance after 45 Days
FREIGHT: Collect
SHIPMENT BY SEA
FOB INDIA PORT

| Carriage by | Place of Receipt |
|---|---|
| SEA | NEW DELHI |
| Vessel/Flight No | Port of Loading |
| | NHAVA SHEVA |
| Port of Discharge | Final Destination |
| NEW YORK | U.S.A |

Container No
CARTONS 1- 851

| Order # | STORE NAME/ HTS CODE | STYLE # | COLOR NAME | Item Description | Quantity (in PCS) | Unit Price FOB USD | Total Amount FOB USD |
|---|---|---|---|---|---|---|---|
| | DESCRITPION 100% COTTON LADIES WOVEN SOLID S/SLV SHIRT | | | | | | |
| 900064 | LOLA RIVER /6206303041-341 | LR1014 | White | | 15120 | 4.45 | 67,284.00 |
| | | LR1012 | White | S/Slv Shirt | 10120 | 4.45 | 45,034.00 |
| | LOLA RIVER / 6206303011-341 | | Tranquail Blue | | 5248 | 4.25 | 22,304.00 |
| | | LR1011 | Green Fig | | 5248 | 4.25 | 22,304.00 |

| THROUGH BANK | ICICI BANK LTD, MUMBAI (INDIA) |
|---|---|
| | RAHEJA SQUARE, IMT-MANESAR, GURGAON-HARYANA -122050 |
| Bank AD Code: | 6390556 |
| ACCOUNT NO: | 035805000575 |
| BRANCH | MANESAR BRANCH |
| ABA FED NO. | 21000021 |
| SWIFT CODE | ICICINBBCTS |

Total: 35736   156,926.00

Amount Chargeable (in Words)
USD: ONE LACS FIFTY SIX THOUSAND NINE HUNDRED TWENTY SIX ONLY.

Under LUT No.
AD0603220129041

| Total No. of boxes: 851 | | |
|---|---|---|
| Nos. 1-851 | | |
| Gross weight: | 7711.700 | KGS |
| Net Weight : | 6640.520 | KGS |
| Carton Size : | 22.5*16.5*9.0 & 12.0 | INCH |
| CBM : | 55.40 | M3 |

For Style Stitch Inc

Authorised Signatory

Declaration:
We declare that this invoice shows the actual price of the goods described and that all particulars are true and correct

3