**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STYLE STITCH, INC.<br><br>       *Plaintiff*,<br><br>  vs.<br><br>THE AVYAN GROUP, LLC.<br><br>       *Defendant*. | Civil Action No.<br>1:23-cv-10701-MKV |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO DISMISS**

                **THE LAW OFFICE OF AVRAM E. FRISCH LLC**

                *Attorneys for Defendant*

                Avram E. Frisch, Esq.
                1 University Plaza, Suite 119
                Hackensack, NJ 07601
                201-289-5352
                frischa@avifrischlaw.com

# Contents

Table of Authorities ................................................................................................................................ 3
   **A.**    **Plaintiff's Claim Fails to Demonstrate that this Court has Personal Jurisdiction** ................... 1

**CONCLUSION** ....................................................................................................................................... 4

## Table of Authorities

### Cases

*Arrowsmith v. United Press Int'l*, 320 F.2d 219, 223 (2d Cir. 1963) ............................................................. 1
*Austin v. Town of Farmington*, 826 F.3d 622, 625 (2d Cir. 2016) ................................................................ 1
*Cabot Lodge Sec., LLC v. Stoltmann Law Offices, P.C.*, No. 23-cv-3970 (AS), 2023 U.S. Dist. LEXIS 185016, at *2-3 (S.D.N.Y. Oct. 16, 2023) ........................................................................................................ 1
*George Reiner & Co. v. Schwartz*, 41 N.Y.2d 648, 651, 394 N.Y.S.2d 844, 846, 363 N.E.2d 551, 553 (1977) ........................................................................................................................................................ 4
*Laufer v. Ostrow*, 55 N.Y.2d 305, 310, 449 N.Y.S.2d 456, 459, 434 N.E.2d 692, 694 (1982) .................... 4
*Longines-Wittnauer Watch Co. v. Barnes & Reinecke, Inc.*, 15 N.Y.2d 443, 456-57, 261 N.Y.S.2d 8, 18, 209 N.E.2d 68, 75 (1965) ........................................................................................................................ 4
*Mallory v. Norfolk S. Ry.*, 600 U.S. 122, 143 S. Ct. 2028, 2039 (2023) ........................................................ 3
*International Shoe Co. v. Washington,* 326 U.S. 310, 316 5 (1945) .............................................................. 3

### Statutes

§302(a) ............................................................................................................................................................ 3
§302(a)(1) ....................................................................................................................................................... 3
302(a)(2) ......................................................................................................................................................... 4
CPLR §§301-302 ............................................................................................................................................ 2
CPLR §301 ..................................................................................................................................................... 4
CPLR §302(a) ................................................................................................................................................. 4
CPLR 302 ........................................................................................................................................................ 4
CPLR 302(a)(1) .............................................................................................................................................. 3

**A. Plaintiff's Claim Fails to Demonstrate that this Court has Personal Jurisdiction**

It is undisputed that the Defendant is a New Jersey limited liability company, and that its sole member, Sumit Chowdhary is a resident of 5 Cambridge Way, Princeton Junction, New Jersey.  Plaintiff is thus forced to justify personal jurisdiction in this jurisdiction on the New York long arm statute.  "[T] he amenability of a foreign corporation to suit in a federal court in a diversity action is determined in accordance with the law of the state where the court sits." *Arrowsmith v. United Press Int'l*, 320 F.2d 219, 223 (2d Cir. 1963).  "In reviewing a motion to dismiss, the Court 'accept[s] all factual allegations as true, and draw[s] all reasonable inferences in the plaintiff's favor.'" *Cabot Lodge Sec., LLC v. Stoltmann Law Offices, P.C*., No. 23-cv-3970 (AS), 2023 U.S. Dist. LEXIS 185016, at *2-3 (S.D.N.Y. Oct. 16, 2023) quoting *Austin v. Town of Farmington*, 826 F.3d 622, 625 (2d Cir. 2016).

Plaintiff's amended complaint sets forth the following facts to justify the imposition of personal jurisdiction in this district:

> a. Mr. Chowdhary has long experience in the apparel business and has previously worked at employers headquartered in New York City.  FAC at ¶7.
>
> b. Mr. Chowdhary relied on connections made in the industry during his previous employment in New York City.
>
> c. An unsupported allegation that Mr. Chowdhary rents showroom space "systematically" to meet with retail buyers, but that he has no permanent space in New York City.
>
> d. Mr. Chowdhary has visited the offices of a customer in Midtown Manhattan, Ross Stores, Inc.
>
> e. Ross Stores, Inc. purchased some goods from Mr. Chowdhary and Ross Stores has an office in Manhattan.

1

      f.  Goods were shipped to the Port of New York, though Plaintiff neglects to mention that the Port of New York is actually in New Jersey and there is not a single freight port in this district.

      g.  An allegation (apparently untrue) that Mr. Chowdhary does business with a "discount factor" in New York City; though Plaintiff fails to identify if this discount factor actually is present in this district.

Notably, when taken as a whole, Plaintiff's allegations relating to the Defendant's relationship to this district (and New York State) all boil down to a New Jersey company with no permanent connection to New York City with an individual who occasionally meets with customers and other business associates in New York City, either at the customer's offices or space temporarily secured for a meeting, because the Defendant has no space of its own in New York City. There is no doubt that the Defendant is not regularly present in this district, and while it does occasionally deal with customers in this district, it is not regularly conducting its business here.

Long arm jurisdiction in New York is governed by CPLR §§301-302. The relevant provision of CPLR §302(a) is subsection 1, which provides long arm jurisdiction over a non-domiciliary who "1. transacts any business within the state or contracts anywhere to supply goods or services in the state." Plaintiff admits that Defendant conducts its operations from New Jersey, other than meeting with customers. It admits that the events in question arose from orders placed by Defendant from its office in New Jersey. While the Plaintiff tries to pretend that the orders were delivered in New York State, this is a sleight of hand. The freight was offloaded at the "Port of New York" which is simply the colloquial name for the freight port in the NYC region, which is largely in New Jersey. None of the Port of New York is actually within the Southern District of New York. As such, CPLR 302(a)(1) does not apply as the contract was not formed in the state

and did not call for any supply of goods within the state. It cannot simply be that a foreign entity is liable because it has certain contacts with the state that are unrelated to the claims at issue. Imposing long arm jurisdiction in such an instance would exceed the due process requirements set forth by the Supreme Court. "Put simply, even without agreeing to be present, the out-of-state corporation was still amenable to suit in Washington consistent with " 'fair play and substantial justice' " *Mallory v. Norfolk S. Ry.*, 600 U.S. 122, 143 S. Ct. 2028, 2039 (2023) quoting *International Shoe Co. v. Washington,* 326 U.S. 310, 316 5 (1945). Subjecting the Defendant to jurisdiction in New York generally because it occasionally holds meeting with other customers in New York would certainly offend traditional notions of fair play and substantial justice.

In any event, §302(a) has never been held to extend to the very limits of long arm jurisdiction permitted by the constitution. §302(a)(1) has long been interpreted by the New York Court of Appeals to only provide jurisdiction related to the transaction at issue. "[T]he New York Legislature enacted CPLR 302 (subd [a]) of which in pertinent part provides that personal jurisdiction may be asserted over a nondomiciliary "who in person or through an agent transacts any business within the state" so long as the cause of action arises out of such transaction. *George Reiner & Co. v. Schwartz*, 41 N.Y.2d 648, 651, 394 N.Y.S.2d 844, 846, 363 N.E.2d 551, 553 (1977) *See also Longines-Wittnauer Watch Co. v. Barnes & Reinecke, Inc.*, 15 N.Y.2d 443, 456-57, 261 N.Y.S.2d 8, 18, 209 N.E.2d 68, 75 (1965).

The remaining provisions of CPLR §302(a) are simply inapplicable as no tortious act is alleged, so there is no applicability to 302(a)(2) or (3). The complaint does not involve real property in the state, so 302(a)(4) does not apply. Similarly, the provision of CPLR §301 retaining the bases for personal jurisdiction that had previously been the rule under the prior Civil Practice Act do not reach the claims at issue in this case. "[T]he aggregate of the corporation's activities in

the State such that it may be said to be present in the State not occasionally or casually, but with a fair measure of permanence and continuity." *Laufer v. Ostrow*, 55 N.Y.2d 305, 310, 449 N.Y.S.2d 456, 459, 434 N.E.2d 692, 694 (1982) (internal citations and quotation marks omitted). The nature of the contacts described in the complaint, even if taken as true, do not constitute regular business in the state. Instead, they demonstrate that Defendant conducts meetings in temporary locations or customer officers when an opportunity presents itself. This is not the type of continuous presence necessary to establish jurisdiction.

The Plaintiff's insistence on attempting to bring this action in this District is made even more bizarre by the fact that they are a foreign entity with no apparent connection to this District either. There simply is no reason for this action to be maintained in this jurisdiction.

## CONCLUSION

For all of the above-mentioned reasons, Defendant respectfully requests that the Court grant their motion to dismiss the Complaint.

Dated: Hackensack, New Jersey
       February 1, 2023

                                          **THE LAW OFFICE OF AVRAM E. FRISCH LLC**
                                          *Attorneys for Defendant*

By: _____
         Avram E. Frisch, Esq.
         1 University Plaza, Suite 119
         Hackensack, NJ 07601
         201-289-5352
         frischa@avifrischlaw.com