Sumeer Kakar
Kalpana Nagampalli
KAKAR, P.C.
sk@kakarlaw.net
kalpana@kakarlaw.net
525 Seventh Avenue
Suite 1810
New York, NY 10018
Tel: 646-880-9360
*Attorneys for Plaintiff STYLE STITCH, INC.*

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **STYLE STITCH, INC.,**<br><br>　　　　**Plaintiff,**<br><br>vs.<br><br>**THE AVYAN GROUP, LLC,**<br><br>　　　　**Defendant.** | **Case No: 23-cv-10701-MKV** |

**MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANT THE AVYAN GROUP, LLC'S MOTION TO DISMISS**

## TABLE OF AUTHORITIES

Cases

*Ball v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir. 1990)..........................8

*Banco Ambrosiano, S.p.A. v. Artoc Bank & Trust, Ltd.*, 62 N.Y.2d 65, 71, 476 N.Y.S.2d 64, 67, 464 N.E.2d 432, 435 (1984) ..................................................................................................11

*Chowdhary v At Last Sportswear, Inc.*, 2023 NY Slip Op 32472[U] (Sup Ct, NY County 2023.................6

*Dakus v. KLM*, 2023 U.S. Dist. LEXIS 161312, at *8 (S.D.NY Sept. 12, 2023) ........................11

*Dan-Dee Int'l, Ltd. v. Kmart Corp.*, 2000 WL 1346865, at 4 (S.D.N.Y. Sept. 19, 2000)..............7

*Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.,* 722 F.3d 81, 85 (2d Cir. 2013) ...........................8,9

*Editorial Musical Latino Amer. S.A. v. Mar Int'l Records, Inc.,* 829 F. Supp. 62, 64 (S.D.N.Y. 1993) .9, 11

*Fica Frio, Ltd. v. Seinfeld*, 434 F. Supp. 3d 80, 89 (S.D.N.Y. 2020)............................................10

*Industrial Quick Search v. Thomas Publishing*, 237 F. Supp. 2d 489, 491 (S.D.NY 2002) ..........9

*Jazini c. Nissan Motor Co.*, 148 F.3d 181, 185 (2d Cir. 1998) .....................................................8

*Kernan v. Kurz-Hastings, Inc*., 175 F.3d 236, 240 (2d Cir. 1999) ................................................7

*Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 167 (2d Cir. 2013).............8

*State* v.*Vayu, Inc.*, 195 A.D.3d 1337, 151 N.Y.S.3d 206 (3d Dep't 2021) .....................................4

*Topps Co. v. Gerrit J. Verburg Co.,* 961 F. Supp. 88, 90 (S.D.N.Y. 1997) .................................11

*Warner Bros. Entm't Inc. v. Ideal World Direct*, 516 F. Supp. 2d 261, 265 (S.D.N.Y. 2007).......8

*Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297-98, 62 L. Ed. 2d 490, 502 (1980); ...............11

Rules

Federal Rule 12(b)(2) .....................................................................................................................8

Sections 302(a) of the New York Civil Practice Law and Rules ("CPLR")..........................passim

## PRELIMINARY STATEMENT

Plaintiff Style Stitch, Inc. ("Plaintiff" or "SSI") respectfully submits its memorandum of law in opposition to Defendant's erroneously titled Motion to Dismiss that purportedly is based on Federal Rules of Civil Procedure 12(b)(2).

The law is clear that in opposing a pre-discovery motion to dismiss based on jurisdictional grounds, a plaintiff must only submit factual allegations which constitute a *prima facie* showing of jurisdiction. In its First Amended Complaint and in the instant motion papers, SSI has clearly made a *prima facie* showing that this Court has long arm jurisdiction over Defendant The Avyan Group. LLC. ("Avyan" or "Defendant") under Sections 302(a) of the New York Civil Practice Law and Rules ("CPLR").

Defendant fails to provide the court with any basis for granting the instant motion to dismiss, to boot Defendant's do not (because they cannot) provide any evidence or declaration in furtherance of their motion. Defendant's motion sets forth the incorrect legal standard for determining personal jurisdiction under New York's long-arm statute, New York Civil Practice Law and Rules ("C.P.L.R.") § 302 and is inconsistent with the established caselaw in our Circuit. Avyan's memorandum of law ignores the established law in this Circuit, which expressly holds that C.P.L.R. § 302 is a "single-act statute," under which "one transaction—albeit a purposeful transaction," may suffice to "confer jurisdiction in New York."[1] Only a fraction of the factual allegations concerning personal jurisdiction are sufficient to pass muster for this Court to exercise personal jurisdiction in the instant action.

---

[1] *State* v. *Vayu, Inc.*, 195 A.D.3d 1337, 151 N.Y.S.3d 206 (3d Dep't 2021).

Defendant proffers irrelevant facts and negative statements (without testimony, declaration or any evidence) to woefully persuade the court that there are insufficient contacts to establish jurisdiction in New York. Avyan's Motion to Dismiss ("Avyan Motion") repeatedly (and impermissibly at the pleadings stage) raises questions regarding evidence of Plaintiff's factual allegations that Plaintiff cannot fortify without jurisdictional discovery. The undisputed relevant facts and factual allegations, however, clearly show that, *inter alia*, Avyan conducts business here, takes business action here, uses the attraction and benefit of New York City's famed garment center in furtherance of its business, interacts and solicits with retailer outfits here and ships and/or directs wholesale products here.

## STATEMENT OF FACTS

Defendant is a recently formed wholesaler of apparel to national retailers. *See* First Amended Complaint ("FAC."), at Dkt. 14, ¶ 1. Plaintiff is an overseas manufacturer of apparel, based in India. *Id*. Defendant, in effort to enter and engage the competitive wholesale apparel business, engaged Plaintiff to produce large volumes of apparel at deeply inexpensive prices due to the currency exchange, and then Defendant sold the said apparel at a large profit to national retailers in the United States. *Id*; See also Declaration ("Decl"), Rajesh Bhatt, at ¶ 6-9. Yet, Defendant refuses to honor their purchase orders, as detailed in the FAC, and pay the Plaintiff for apparel products shipped from India by the Plaintiff, then imported into the United States and wholesaled by the Defendant for profit. *Id*.

The founder of Avyan is Sumit Chowdhary ("SC"). *Id*. at ¶ 8-9. By his own admission, Mr. Chowdhary moved from India to work in New York City's famed garment center in 2013, starting initially as a Director of Production and Sourcing ("DPS") for a company based in

Manhattan. *Chowdhary v At Last Sportswear, Inc.*, 2023 NY Slip Op 32472[U] (Sup Ct, NY County 2023). In his role as a DPS in Manhattan for over seven years, SC learned the ins and outs of the apparel wholesale business all the while making key production and sales contacts. *Id.*; FAC, at ¶ 9-10; See Also *Decl.* at ¶ 3.

In furtherance of his business interests, SC mimicked his former employer's business model, where he relied on same or similar suppliers and targeted the same retailers and buyers that he met and formulated relationships with previously in his role as a DPS. FAC, at ¶ 9, 12-18; *Decl.* at ¶ 8-9. More specifically, Defendant rents and/or sublets showroom space in and around New York City's garment center to showcase and solicit its garment products to national off-price retailers like Burlington Stores, Inc. and Ross Stores, Inc. to say the least. *Id.* at ¶ 13; *Decl.* at ¶ 9-10, 17.

Once orders were procured, Defendant's object was to manufacture the ordered product as most cost efficiently as possible by manufacturing the ordered product overseas, with factories and suppliers like the Plaintiff. FAC, at ¶ 16-18; *Decl.* at ¶ 13.

Despite the parties ongoing business of ordering, receiving, accepting, keeping and (paying for some) garment products supplied by the Plaintiff to Defendant, Defendant willfully neglected to pay at least four of Plaintiff's invoices that underscores the instant lawsuit. *Id.*, at ¶ 24-29, *Decl.* at ¶ 14-16. To boot, Defendant uses a discount factoring facility with offices in New York City that essentially provides funds to Defendant upon issuing invoices to its retail customers—yet Defendant chose not to pay Plaintiff for the goods provided by Plaintiff that Defendant collected on. *Id.*, at ¶ 30-34; Decl. at ¶ 11-12.

In short, this is an uninspiring story of greed and pilfering where Defendant handsomely profited immediately (thanks to the discount factoring agreement) from Plaintiff's labor and product yet chose not to pay Plaintiff a minuscule fraction of the revenues Defendant collected precisely because of the Plaintiff's product and contribution.

SSI bought this instant action against Avyan for, *inter alia*, payment on goods imported, kept, and wholesaled by Defendant. Avyan now misguidedly seeks to dismiss the claims asserted in SSI's FAC on the ground that it is not subject to jurisdiction in New York. In support of its motion, Defendant fails to provide any evidence, testimony, affidavit, or declaration to contradict and/or controvert Plaintiff's detailed factual allegations. *See* FAC, Dkt. 14. In other words, besides quixotic general statements, Defendant affirmatively does not deny facts which would subject the company to jurisdiction in New York. In the Avyan Motion (which even fails to cite to Federal Rule of Civil Procedure 12(b)(2) giving the Defendant the right to bring the instant motion) the Defendant does not, because they simply cannot, deny that it continuously conducts *at least* sales, marketing, banking and financial matters of its business in our district. Put another way, Defendant derives income from its business activities in New York City's famed garment center in our district.

## ARGUMENT

A plaintiff's burden of proof in establishing jurisdiction over a defendant varies with the procedural posture of the case. See *Dan-Dee Int'l, Ltd. v. Kmart Corp.*, 2000 WL 1346865, at 4 (S.D.N.Y. Sept. 19, 2000) (citing *Kernan v. Kurz-Hastings, Inc.*, 175 F.3d 236, 240 (2d Cir. 1999)). **Prior to discovery**, SSI need only make a *prima facie* showing of personal jurisdiction. *Warner Bros. Entm't Inc. v. Ideal World Direct*, 516 F. Supp. 2d 261, 265 (S.D.N.Y. 2007) (*quoting Ball*

*v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir. 1990)) ("If the defendant is content to challenge only the sufficiency of the plaintiff's factual allegation, in effect demurring by filing a Rule 12(b)(2) motion . . . the plaintiff need persuade the court only that its factual allegations constitute a *prima facie* showing of jurisdiction."); *Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.,* 722 F.3d 81, 85 (2d Cir. 2013) (prior to discovery, at the onset of a case, a plaintiff need only plead a set of affirmative facts that provide the basis to establish jurisdiction over the defendant).

Moreover, in analyzing a Federal Rule 12(b)(2) motion, a court is obliged to "**construe the pleadings and any supporting materials in the light most favorable to the plaintiffs**." *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 167 (2d Cir. 2013) (internal citations omitted). From there, the law is clear that "[a] "*prima facie*" case requires non-conclusory fact-specific allegations or evidence showing that activity that constitutes the basis of jurisdiction has taken place." *Jazini c. Nissan Motor Co.*, 148 F.3d 181, 185 (2d Cir. 1998). To reach its conclusion, this Court is free to consider materials (such as the Declaration of Rajesh Bhatt submitted herewith) outside of the pleadings. *Dorchester Fin. Sec., Inc.,* 722 F.3d at 86, to pass the threshold of a mere single purposeful act or transaction on the part of the Defendant to confer jurisdiction here. *Vayu, Inc.*, 39 N.Y.3d at 335.

### A. THIS COURT HAS PERSONAL JURISDICTION OVER DEFENDANTS UNDER NEW YORK'S LONG-ARM STATUTE

This Court may exercise personal jurisdiction over Defendant under the New York long-arm statute, C.P.L.R. § 302(a). To demonstrate personal jurisdiction and defeat a motion to dismiss, a plaintiff need only make a *prima facie* showing that jurisdiction exists. *Editorial Musical*

5

*Latino Americana S.A. v. Mar Int'l Records, Inc.,* 829 F. Supp. 62, 64 (S.D.N.Y. 1993). The Amended Complaint, exhibits, and affidavits are to be construed, and any doubts resolved, in the light most favorable to the plaintiff. *Id.*

Sustaining personal jurisdiction requires two findings: there must be personal jurisdiction under the law of the forum state, and exercise of that jurisdiction must be consistent with federal due process. *Industrial Quick Search v. Thomas Publishing*, 237 F. Supp. 2d 489, 491 (S.D.NY 2002). This Court has personal jurisdiction under C.P.L.R. § 302(a) consistent with federal due process.

The relevant part of Section 302(a) of the CPLR - New York's long arm statute - provides for the exercise of personal jurisdiction over a non-domiciliary who, in person or through an agent:

1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or . . . . CPLR § 302 (McKinney 2001).

The allegations summarized above, set forth in the FAC and supported by the Decl. submitted herewith, construed in the light most favorable to SSI, are sufficient to make out a *prima facie* showing of long arm jurisdiction over Defendant under CPLR §§ 302(a)(1).

C.P.L.R. § 302(a)1 gives New York courts jurisdiction over entities that transact business in New York. This court can exercise personal jurisdiction over Defendant because they (1) shipped wholesale product into the ports of New York, *See* FAC at ¶ 25 and Decl. at ¶ 15; (2) maintained an affirmative physical presence in New York for soliciting sales and marketing by subletting showrooms and visiting retail buyers in New York, *See* FAC at ¶ 12-15 and Decl. at ¶ 9, 17; (3) maintained a bank account at a branch in New York used to conduct business activities like payments for wholesale products, *See* Decl. at ¶ 16; and (4) engage and conduct financial business and transactions with a discount factoring entity or institution in New York, See FAC at ¶ 33-34 and Decl. at ¶ 11-12.

6

Under CPLR § 302(a)(1), a single act can establish jurisdiction. *Vayu, Inc.*, 39 N.Y.3d at 335. The Defendant is not required to be present in New York, nor does the Defendant have to personally sent goods into the state to be subject to personal jurisdiction, so long as the Defendant took advantage of the benefits of the business landscape of New York, conducted business activities in New York by contracting to supply goods or services. *Fica Frio, Ltd. v. Seinfeld*, 434 F. Supp. 3d 80, 89 (S.D.N.Y. 2020). Put another way, a nonresident business who supplies goods that they "knows or should know are destined for New York, regardless of whether the [defendant] actually ships them to New York," is subject to CPLR § 302(a)(1) long arm jurisdiction here. *Id*.

Here, when the detailed factual allegations are applied to the law, Avyan travelled into and targeted business in New York by renting showroom space here, by targeting wholesale orders with retail buyers here, and at least sold cancelled product (supplied by Plaintiff) to Ross Stores, Inc. at its New York City offices. *See* FAC at ¶ 12-15; Decl., at ¶ 9, 17. (**emphasis added**). Courts in our Circuit have found personal jurisdiction with analogous facts to those alleged facts detailed in this case.

Another demonstration of this is *State* v.*Vayu, Inc.* In *Vayu*, the defendant was an out of state party that solicited, courted, marketed and sold machines to the State University of New York that were delivered in Madagascar. 39 N.Y.3d at 333-334. In this case, the business engagement between the parties, the communications, and a singular meeting in New York was sufficient to exercise jurisdiction. *Id*. An out of state defendant, such as Avyan, who use electronic or telephone means to project themselves into New York to conduct business was found to establish long arm jurisdiction. *Id*. (internal quotation and citation omitted). Here, the factual allegations assert that Defendant physically entered into New York to solicit, market and garner business and purchase

7

orders. *See* FAC, at ¶ 12-15, 25, 33-34. And while physical presence is not required to find personal jurisdiction, the Court in *Vayu* found a singular meeting in New York to be significant (the same is alleged here). 39 N.Y.3d at 334.

Further fortifying the factual allegations is the reality that the Defendant fails to submit any evidence whatsoever (which would be available in jurisdictional discovery) to controvert any of the Plaintiff's factual allegations that legally supports personal jurisdiction. *See Dakus v. KLM*, 2023 U.S. Dist. LEXIS 161312, at *8 (S.D.NY Sept. 12, 2023) (On a factual challenge, a defendant may "proffer[] evidence beyond the [p]leading," and, if the defendant's evidence "'reveal[s] the existence of factual problems' in the assertion of jurisdiction[,]" then the plaintiff must "come forward with evidence of their own to controvert that presented by the defendant.") (internal citations omitted).

Next, to properly exercise personal jurisdiction over Avyan, **this Court must also find no violation of federal due process**. "Ordinarily . . . if jurisdiction is proper under the CPLR, due process will be satisfied because CPLR § 302 does not reach as far as the constitution permits." *Topps Co. v. Gerrit J. Verburg Co.,* 961 F. Supp. 88, 90 (S.D.N.Y. 1997) (citing *Banco Ambrosiano, S.p.A. v. Artoc Bank & Trust, Ltd.*, 62 N.Y.2d 65, 71, 476 N.Y.S.2d 64, 67, 464 N.E.2d 432, 435 (1984)). Further, "the forum state does not exceed its powers under the Due Process Clause if it asserts personal jurisdiction over a corporation that delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum state." *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297-98, 100 S. Ct. 559, 567, 62 L. Ed. 2d 490, 502 (1980); *Editorial*, 829 F. Supp. at 65.

Accordingly, due to Avyan's offers for sale of product to New York based retail buyers,

shipments into New York ports, use of New York bank branch (why not wire out of New Jersey associated bank branches with a New Jersey based swift number[2]), maintain a discount factoring relationship with a factoring institution with offices in New York, and maintenance of showroom subletting for showcasing product for sales in New York,  Defendant has done enough, benefited enough, to satisfy the requirements of the Due Process Clause. *Editorial*, 829 F. Supp. at 65.

B.  CONCLUSION

The instant Avyan Motion is ripe for rejection as detailed above. This Court has personal jurisdiction over the Defendant as provided for through case law with comparable fact patterns. New York's Long Arm Statute, as discussed and elaborated on herein, is successfully applicable here as a matter of law, especially given the Defendant made no effort to provide the Court with any evidence whatsoever to convert a single factual allegation asserted by Plaintiff. **Thus, the Court should reject the instant Avyan Motion and let this case proceed to discovery and eventual adjudication.**

*Alternatively*, given that at this fledgling stage of the case the parties or the Court does not have the benefit of discovery to further fortify the Plaintiff's factual allegations, the Plaintiff asks for the Court to grant jurisdictional discovery to further establish personal jurisdiction.

*Further alternatively*, in the event the Court finds that personal jurisdiction over the Defendant is lacking, we ask that the Court transfer this case to a Court it believes that jurisdiction lies so that the merit-based claims against the Defendant can continue in the interest of justice and economics.

---

[2] Decl. at ¶ 16.

Respectfully submitted,

KAKAR, PC

_____

Sumeer Kakar, Esq. (sk0913)
Kalpana Nagampalli, Esq.
525 Seventh Avenue
Suite 1810
New York, NY 10018
Tel: 646-880-9360
sk@kakarlaw.net

10