UNITED STATES DISTRICT COURT
Southern District of New York

STYLE STITCH, INC.,
Plaintiff,

v.

THE AVYAN GROUP, LLC.,
Defendant.

Case No.: 1:23-CV-10701 (MKV)

DECLARATION OF RAJESH BHATT
IN OPPOSITION OF DEFENDANT'S
MOTION TO DISMISS

## DECLARATION OF RAJESH BHATT

I, RAJESH BHATT, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. My name is Rajesh Bhatt, I am making this declaration based on my personal knowledge.

2. I am a representative and agent of the Plaintiff Style Stitch, Inc. ("SSI").

3. I have known Defendant The Avyan Group, LLC's ("Avyan") principal, Sumit Chowdhary, for several years, and namely have worked with him while he was at At Last Sportswear, Inc.

4. I have firsthand knowledge of the business arrangement between SSI and Avyan, as Sumit Chowdhary contacted me for the production needs of Avyan.

5. Based on my past relationship with Mr. Chowdhary and through my role with SSI, I worked on sampling, patterns, line development, and production for Avyan.

6. Given that Avyan was a new start up, I spent considerable time talking to Mr. Chowdhary about his business plan and how to get Avyan started, especially around the time of the COVID pandemic.

7. Given that I wanted to protect the interests of SSI and participate in a fruitful business endeavor, I wanted to be comfortable about Mr. Choudhary's intentions and business plan for Avyan, in order to avoid wasting time and resources.

8. Through my conversations with Mr. Chowdhary, I understood that Mr. Chowdhury planned on relying on his production / export experience prior to coming to the United States coupled with his production / import experience in New York, to provide desirable garment products that were fashion forward at deeply discounted prices.

9. Mr. Chowdhary explained that he had the necessary buyer contacts at large discount retailers, like TJX Companies, Inc. and Ross Stores, Inc. to solicit them apparel products that he

1

would produce overseas. He further explained that he would control expenses by (among other ways) using sample rooms, designers and technical pattern makers overseas (and not have to deal with payroll in the United States) and by renting showroom space in New York City when necessary to meet buyers (so as to avoid entering into a burdensome full-term lease).

10. Further in his measure to save resources and money, Mr. Chowdhary also relied on me to have Avyan's email and IT requirements set up in India for him.

11. Through our conversations, Mr. Chowdhary had assured me that payment to SSI would not be held up due to retailer terms because he had secured a discount factoring agreement with a financial institution to be able to draw down on Avyan's invoices to its customers.

12. I was told by Mr. Chowdhary that Avyan's discount factor had offices in New York City, where he met with their representatives.

13. Through the course of the business relationship between SSI and Avyan, SSI successfully shipped over 250,000 units of garments to Avyan.

14. Avyan has made payments to SSI, but for the four invoices identified in the First Amended Complaint in this lawsuit.

15. Often, and for at least one of the four unpaid invoices at issue, Avyan would ship garment products into the port of New York for discharge, and I have reviewed and seen bills of ladings and other freight / shipping documents that note the port of discharge for Avyan as New York.

16. Upon reviewing past payments, I note that the bank account used by Avyan to send the concerned payments to SSI has a swift number CHASUS33DXXX. I am also aware that Avyan held, used and conducted business from a Chase bank account in New York City, which relates back to the swift number used for Avyan's bank account to wire money and payment to SSI.

17. On one specific occasion, there was an issue concerning the rejection of certain garments wholesaled to TJX Companies, Inc. Since the said garments were already imported into the United States, I was told by Mr. Chowdhury that he met with Ross Stores, Inc. in midtown Manhattan to submit a sample of the said garments, which were eventually then closed out to Ross Stores, Inc.

18. I understand SSI has commenced a lawsuit to collect on the unpaid monies for garment products that Avyan purchased and took possession on.

19. I also understand that the Lawsuit is pending in New York City, in Federal Court, for the Southern District of New York. On multiple occasions I have visited New York City for business and personal matters.

20. Given my role and representation of SSI's business and interests, as well as my firsthand knowledge concerning the claims in the instant lawsuit, supports the above statements and information.

2

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: February, 26, 2024

FARIDABAD, India

Rajesh Bhatt

3