**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

STYLE STITCH, INC.

*Plaintiff*,

vs.

THE AVYAN GROUP, LLC.

*Defendant*.

Civil Action No.
1:23-cv-10701-MKV

---

**MEMORANDUM OF LAW IN REPLY**

---

**THE LAW OFFICE OF AVRAM E. FRISCH LLC**
*Attorneys for Defendant*

Avram E. Frisch, Esq.
1 University Plaza, Suite 119
Hackensack, NJ 07601
201-289-5352
frischa@avifrischlaw.com

## Contents

**A.     Despite Amending the Complaint and Opposing the Motion, Plaintiff Still Cannot Demonstrate even a Prima Facie Basis for Personal Jurisdiction** ....................................................... 3

**A. Despite Amending the Complaint and Opposing the Motion, Plaintiff Still Cannot Demonstrate even a Prima Facie Basis for Personal Jurisdiction**

Plaintiff has now had several attempts to justify its invocation of this Court's jurisdiction, and yet has failed miserably.  They allege not one fact that justifies the claim that Avyan Group regularly conducts business in this District, and not a single fact that can be construed as indicating that the Defendant's business with Style Stitch occurred in this District.  Continuously repeating the phrase "prima facie" does not mean that the Plaintiff has succeeded in actually demonstrating any basis for its claims of jurisdiction.

The claim that the Defendant ships goods into ports in New York is implausible at best. First, the Defendant does not ship goods into ports at all, it orders goods from overseas manufacturers who ship the goods.  Second, the fact that there is not a single freight port for the delivery of goods anywhere in this district makes this fact unavailable to support jurisdiction in this district.  Similarly, the Amended Complaint states that the Defendant occasionally must rent temporary space to meet with customers in New York City, demonstrating that the Defendant does not regularly conduct business in this district. If they regularly conducted business, then the Defendant would have more permanent arrangements in the District for the conduct of its business. The claim that the New York City garment district is "world famous" is simply irrelevant to the question of whether this Defendant conducted business in this District.  If Plaintiff believes that any party that engages in the purchase and sale of garments is tied permanently to this District because of the importance of the Garment District, then the exercise of jurisdiction would raise substantial due process concerns as it would permit the exercise of jurisdiction over parties that have virtually no connection with the district.

Strangely, after amending the complaint, the Plaintiff attempts to add additional facts, which are not in the Amended Complaint to support the claim of jurisdiction.  The Declaration

however weakens the claims, as it makes clear that the facts alleged in the Amended Complaint are not accurate and limits the inferences that Plaintiff can demand be taken from the allegations of the Amended Complaint itself.  For example, it is clear that much of the claim of a relationship to New York City is based on the fact that Mr. Chowdhary previously worked in New York at prior jobs.  Bhatt Decl. at ¶8.  Aside from the fact that the hearsay claims of Mr. Bhatt about his conversations with Mr. Chowdhary are not admissible and should be disregarded, they also establish that the Amended Complaint's allegation that Mr. Chowdhary employed a factor in New York City is not accurate, but rather a factor who has offices in New York City.

Mr. Bhatt's claim that the goods were shipped to the "Port of New York" indicates his lack of familiarity with the Port of New York, which is not in New York, but largely in Elizabeth, New Jersey.  Similarly, the claim that Avyan having an account at JP Morgan Chase Bank somehow provides for jurisdiction of this Court is too absurd to even merit a response, other than to note that JP Morgan Chase maintains many locations in New Jersey.  A cursory examination of the Chase.com location locator at [Branches and ATMs | Chase Bank](Branches and ATMs | Chase Bank) indicates 1672 locations maintained by Chase in the State of New Jersey[1].

Similarly, the Plaintiff's reliance on *State of N.Y. v. Vayu, Inc.*, 39 N.Y.3d 330, 336, 186 N.Y.S.3d 93, 99, 206 N.E.3d 1236, 1241 (2023) is unavailing.  The Court in that case noted that [t]he second prong of New York's long-arm statute, [requires] the cause of action to arise from a defendant's relevant business transaction in the state." *ibid*.  The unrelated transactions mentioned by the Plaintiff are not sufficient to meet Plaintiff's burden.

Finally, to the extent that Plaintiff is seeking jurisdictional discovery, they have failed to meet their burden to demonstrate that it is necessary for the Court to determine the motion at hand.

---

[1] Under Fed. R. Evidence R. 201, the Court is able to take judicial notice of the facts in this Paragraph as they are readily ascertainable from a reliable source, and generally known within the District.

The Plaintiff may want to have discovery, but is not necessarily entitled to it, when its pleadings

so clearly fail to support the allegation of the existence of Federal jurisdiction.

**CONCLUSION**

For all of the above-mentioned reasons and those in the opening brief, Defendant

respectfully requests that the Court grant their motion to dismiss the Complaint.

Dated: Hackensack, New Jersey
February 29, 2024

**THE LAW OFFICE OF AVRAM E. FRISCH LLC**
*Attorneys for Defendant*

By:

Avram E. Frisch, Esq.
1 University Plaza, Suite 119
Hackensack, NJ 07601
201-289-5352
frischa@avifrischlaw.com