```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:_____
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STYLE STITCH, INC.,

                Plaintiff,

-against-

THE AVYAN GROUP, LLC,

                Defendant.

1:23-cv-10701 (MKV)

**ORDER DENYING MOTION TO DISMISS THE AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION WITHOUT PREJUDICE**

MARY KAY VYSKOCIL, United States District Judge:

    Plaintiff Style Stitch, Inc. ("Style Stitch"), an India-based manufacturer of apparel, brings this action against Defendant The Avyan Group, LLC ("Avyan"), a New Jersey-based wholesaler of apparel, invoking the Court's diversity jurisdiction, and asserting state law claims for breach of contract and unjust enrichment. Defendant moves to dismiss the Amended Complaint for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). For the reasons set forth below, Defendant's motion to dismiss for lack of personal jurisdiction is DENIED without prejudice. Within 30 days of this Order, Plaintiff shall file an Amended Complaint properly alleging personal jurisdiction over Defendant or this case will be dismissed for lack of personal jurisdiction.

## BACKGROUND[1]

    This case involves an alleged breach of contract between Defendant, a New Jersey-based wholesaler of apparel to national retailers, and Plaintiff, an overseas manufacturer of apparel, based in India. Compl. ¶¶ 1, 3. In 2021, Mr. Sumit Chowdhary ("Chowdhary"), an experienced executive in the apparel business, formed Defendant Avyan as a startup to conduct his business

---

[1] The facts stated herein are drawn from Plaintiff's Amended Complaint, ECF No. 14 ("Compl."), and are assumed to be true for purposes of the Motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

1

importing and wholesaling women's apparel to various national retailers across the United States. Compl. ¶¶ 7, 8.  To date, Chowdhary directly controls, conducts, and executes all aspects of Avyan's business, including but not limited, to sales, accounting, production, and shipping. Compl. ¶ 10.  Chowdhary predominantly operates the back end of Avyan, including managing expenses and overhead, out of his home in New Jersey.  Compl. ¶ 11.  Indeed, Avyan is a New Jersey corporation with its corporate office also located in New Jersey, although the company maintains showroom office space in New York City's Garment Center in Manhattan.  Compl. ¶ 3.

Plaintiff alleges that to solicit, market, and advertise Avyan's apparel products, Defendant rents showroom space in New York City's Garment Center to meet with retail buyers, display Avyan's apparel line, and solicit purchase orders from retailers.  Compl. ¶ 12.  Additionally, at times, Chowdhary visits certain apparel retailers in mid-town Manhattan to review samples, discuss fit, and to generally further Avyan's business with these retailers to which Avyan ultimately wants to wholesale apparel.  Compl. ¶ 15.  Plaintiff alleges that in order to be competitive as a new start up business, Avyan fills retailer orders by placing production in overseas factories. Compl. ¶ 16.

There came a point in time when Avyan sought to form a business relationship with Plaintiff.  Compl. ¶ 18.  Given Chowdhary's experience and role at other apparel companies, Plaintiff agreed to provide terms to Avyan.  Compl. ¶ 19.  Accordingly, beginning in early 2022, Avyan began issuing purchase orders to Plaintiff for apparel products which were then wholesaled to retailers across the United States.  Compl. ¶ 20.  Throughout their short business relationship, Plaintiff produced and shipped to Avyan more than 250,000 units of garments.  Compl. ¶ 21. Avyan has subsequently wholesaled the garments provided by Plaintiff for revenues totaling over $1,750,000.  Compl. ¶ 22.

Despite the successful delivery of the ordered products, Plaintiff alleges that Avyan has failed to render full payment on certain of Plaintiff's nominal invoices (collectively, "Unpaid Invoices").[2]  Compl. ¶ 22.  Notably, the apparel products underscoring the Unpaid Invoices were shipped to and discharged at "the port of New York."  Compl. ¶ 25.  Ultimately, Plaintiff alleges that Avyan has simply refused to pay Plaintiff owed monies, despite wholesaling and collecting revenue on the product Plaintiff shipped to Defendant and accepted by Defendant.  Compl. ¶ 36.

## PROCEDURAL HISTORY

Plaintiff commenced this action by filing a Complaint, and subsequently, with leave of the Court, filed an Amended Complaint.  [ECF No. 14], Amended Complaint (the "Complaint").  Thereafter, Defendant moved to dismiss the Complaint, asserting lack of personal jurisdiction.  [ECF No. 15].  In support of its motion, Defendant filed a Memorandum of Law [ECF No. 15-1] ("Def. Br.").  Plaintiff opposed the motion with a Memorandum of Law [ECF No. 77] ("Opp.") and a declaration of Rajesh Bhatt, a representative and agent of Plaintiff [ECF No. 18-1] ("Bhatt Decl.").  Defendant submitted a Reply Memorandum of Law. [ECF No. 19] ("Reply").

## LEGAL STANDARD

Defendant moves to dismiss the Amended Complaint for lack of personal jurisdiction under Federal Rule of Civil Procedure ("FRCP") 12(b)(2).  To survive a Rule 12(b)(2) motion, plaintiff "bears the burden of demonstrating personal jurisdiction over a person or entity against whom it seeks to bring suit."  *Penguin Gr. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 34 (2d Cir. 2010) (citation omitted).  Plaintiff "must establish the court's jurisdiction with respect to each claim asserted."  *Sunward Elecs., Inc. v. McDonald*, 362 F.3d 17, 24 (2d Cir. 2004).

---

[2] Plaintiff alleges that the last of the Unpaid Invoices was issued on or before June 20, 2023.  Compl. ¶ 26.  The terns on purchase orders giving rise to the Unpaid Invoices require full payment no later than forty-five (45) days after the Bill of Lading is issued.  Compl. ¶ 27.

To do so at the pleadings stage, Plaintiff is required to plead facts sufficient for "a *prima facie* showing" that jurisdiction exists. *Grand River Enters. Six Nations, Ltd. v. Pryor*, 425 F.3d 158, 165 (2d Cir. 2005) (citation omitted); *see also Troma Entm't, Inc. v. Centennial Pictures Inc.*, 729 F.3d 215, 217 (2d Cir. 2013) (Courts require that "[a]t this stage of the proceedings" a plaintiff make a "*prima facie* showing that jurisdiction exists."). Plaintiff's *prima facie* showing "must include an averment of facts that, if credited by the ultimate trier of fact, would suffice to establish jurisdiction over the defendant." *In re Terrorist Attacks on September 11, 2001*, 714 F.3d 659, 673 (2d Cir. 2013) (citing *Chloe v. Queen Bee of Beverly Hills*, LLC, 616 F.3d 158, 163 (2d Cir. 2010) (internal quotation marks omitted)); *see also Troma*, 729 F.3d at 217.

Notably, "[i]n reviewing a Rule 12(b)(2) motion, 'a court may consider documents beyond the pleadings in determining whether personal jurisdiction exists.'" *SPV OSUS Ltd. v. UBS AG*, 114 F. Supp. 3d 161, 167 (S.D.N.Y. 2015) (quoting *Greatship (India) Ltd. v. Marine Logistics Solutions (Marsol) LLC*, No. 11–CV–420, 2012 WL 204102, at *2 (S.D.N.Y. Jan. 24, 2012)). Still, Plaintiff's allegations must provide "factual specificity necessary to confer jurisdiction." *Jazini by Jazini v. Nissan Motor Co.*, 148 F.3d 181, 185 (2d Cir. 1998). "[C]onclusory statements" without any supporting facts are insufficient. *Id*. Moreover, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id*. (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

**DISCUSSION**

I.  **Plaintiff Fails to Sufficiently Plead Personal Jurisdiction Over Defendant.**

Plaintiff contends that Defendant is subject to specific jurisdiction in New York under New York's long-arm statute, codified in Section 302(a) of the Civil Practice Law and Rules ("CPLR").[3] *See* Opp. at 6. Specific jurisdiction requires that a defendant "purposefully avail[] itself of the privilege of conducting activities within the forum State." *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. __, 141 S. Ct. 1017, 1024 (2021) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). In a diversity case such as this, district courts deciding a motion to dismiss for lack of personal jurisdiction engage in a two-part analysis. First, the Court must determine whether the law of the forum state, here, New York's long-arm statute, CPLR Section 302(a), would subject the defendant to personal jurisdiction. *See Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement*, 326 U.S. 310, 319 (1945). If New York law would permit the exercise of jurisdiction over the Defendant, the Court must also evaluate whether the exercise of jurisdiction would comport with due process. *See Daimler AG v. Bauman*, 571 U.S. 117, 117 (2014); *Friedman v. Bloomberg L.P.*, 884 F.3d 83, 90 (2d Cir. 2017).

CPLR Section 302(a)(1) confers personal jurisdiction over a defendant who "transacts any business within the state or contracts anywhere to supply goods or services in the state," but only

---

[3] *General* personal jurisdiction subjects a defendant to suit on all claims. *See Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014). Under the Due Process Clause, a corporation can "be subject to general jurisdiction in a state only where its contacts are so 'continuous and systematic' . . . that it is 'essentially at home' in that state." *Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 135 (2d Cir. 2014) (quoting *Daimler*, 571 U.S. at 139). "Aside from 'an exceptional case' . . . a corporation is at home (and thus subject to general jurisdiction, consistent with due process) only in a state that is the company's formal place of incorporation or its principal place of business." *Gucci Am., Inc.*, 768 F.3d at 135 (quoting *Daimler*, 571 U.S. at 139 & n.19). Defendant is incorporated in New Jersey, and its principal place of business is in New Jersey. Compl. ¶ 3. Therefore, Defendant is not subject to *general* jurisdiction in New York. Plaintiff's sole allegation that Defendant "routinely and systematically rents showroom space in New York City," is a mere conclusory statement that simply repeats certain legal terminology, and the Court is "not bound to accept as true" such "a legal conclusion couched as a factual allegation." *Jazini*, 148 F.3d at 185. Significantly, Plaintiff does not argue that Defendant is subject to *general* jurisdiction in its Opposition.

5

"[a]s to *a cause of action arising from*" such a transaction. N.Y. C.P.L.R. § 302(a)(1) (emphasis added). Plaintiff alleges jurisdiction over Defendant pursuant to Section 302(a)(1) because "Defendant conducts business in [New York], [a] substantial part of the events giving rise to the claims herein occurred in [New York], and the Plaintiff was harmed by Defendant's conduct within [New York]." Compl. ¶ 6.

To establish personal jurisdiction under Section 302(a)(1), two requirements must be met: (1) the defendant must have transacted business within the state or contract anywhere to supply goods or services in the state; *and* (2) the claim asserted must *arise from that business activity*. *Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC*, 450 F.3d 100, 103 (2d Cir. 2006) (citing *McGowan v. Smith*, 52 N.Y.2d 268, 273, 437 N.Y.S.2d 643, 419 N.E.2d 321 (1981)) (emphasis added); *see also Eades v. Kennedy, PC Law Offices*, 799 F.3d 161, 168 (2d Cir. 2015).

A claim "arises from" a transaction "when there is some articulable nexus between the business transacted and the claim sued upon, or when there is a substantial relationship between the transaction and the claim asserted." *Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC*, 450 F.3d 100, 103 (2d Cir. 2006) (internal quotation marks and citation omitted). A court's determination of whether a defendant transacted business within New York "is based on the totality of the circumstances." *Agency Rent A Car Sys., Inc. v. Grand Rent A Car Corp.*, 98 F.3d 25, 29 (2d Cir. 1996). However, "Section 302(a)(1) is a 'single act statute,' and 'proof of one transaction in New York [may be] sufficient to invoke jurisdiction, even though the defendant never enters New York, so long as the defendant's activities here were purposeful and there is a substantial relationship between the transaction and the claim asserted.'" *Daou v. BLC Bank, S.A.L.*, 42 F.4th 120, 129 (2d Cir. 2022) (quoting *Deutsche Bank Sec., Inc. v. Montana Bd. of Invs.*, 7 N.Y.3d 65, 71 (2006)). Notwithstanding, the "single act" must still allege a "*substantial* relationship between

the transaction *and the claim asserted*." *Sole Resort*, 450 F.3d at 103 (emphasis added).

Plaintiff's Complaint is replete with allegations that Defendant Avyan transacts business in New York *with retailers*. Plaintiff points to its allegations that Avyan "traveled into and targeted business in New York by renting showroom space [in the state], by targeting wholesale orders with retail buyers [in the state], and [selling] product [to retailers] at its New York City offices." *See* Opp. at 7 (citing Compl. at ¶¶ 12–15; Bhatt Decl., at ¶¶ 9, 17). Where Plaintiff falls short, however, is its lack of factual allegations supporting the position that its claims *in this case*—which relate to the breach of contract between India-based Plaintiff and New Jersey-based Defendant—"*arose from*" any of the unrelated business transactions Defendant may have had with non-party retailers in New York. In other words, while Plaintiff may have sufficiently alleged that Defendant "transacted business within the state" under CPLR 302(a)(1), the Court struggles to find allegations which plausibly allege that Plaintiff's claims here "arose from" any of the alleged business transactions that occurred in New York.

Plaintiff concedes that Defendant conducts its operations from New Jersey, other than intermittently meeting with non-party customers in New York City. Compl. ¶ 11. Plaintiff further concedes that that the events in question arose from orders placed by Defendant from its office in New Jersey. Compl. ¶ 11 ("Chowdhary predominantly operates the back end of [Defendant], including managing expenses and overhead, out of his home in New Jersey."). For all intents and purposes, Plaintiff's claims turn on a contractual relationship between a New Jersey corporation and an India corporation, involving orders placed from New Jersey and shipped from India. Plaintiff does not attach the underlying contract to the Complaint demonstrating that, for instance, the parties consented to New York jurisdiction.

The only allegation that arguably establishes a "relationship between the transaction and the claim[s] asserted," *Daou*, 42 F.4th at 129, is Plaintiff's sole allegation that "the apparel products underscoring the Unpaid Invoices were shipped to and discharged at the port of New York." Compl. ¶ 25. Such an allegation, which is presumed true for purposes of this motion, would likely be sufficient to invoke personal jurisdiction over Defendant. *Daou*, 42 F.4th at 129 ("[P]roof of one transaction in New York [may be] sufficient to invoke jurisdiction, even though the defendant never enters New York."). However, there remains one wrinkle. As Defendant emphasizes, "the Port of New York" (to which Plaintiff presumably refers) is actually called the "Port of New York *and New Jersey*," which consists of several different ports throughout New Jersey and New York.[4] And courts in this District have consistently declined to find personal jurisdiction in New York where the shipments at issue were actually loaded or discharged at a New Jersey port. *See e.g.*, *APC Commodity Corp. v. Ram Dis Ticaret A.S.*, 965 F.Supp. 461 (S.D.N.Y. 1997); *Salmassi e. Kfr. v. Euro-Am. Container Line Ltd.*, No. 08 CIV. 4892, 2010 WL 2194827, at *5 (S.D.N.Y. June 1, 2010); *Nursan Metalurji Endustrisi A.S. v. M/V TORM GERTRUD*, No. 07 CV 7687(GBD), 2009 WL 536059, at *3 (S.D.N.Y. Feb. 27, 2009); *Int'l Terminal Operating Co. v. Skibs A/S Hidlefjord*, 63 F.R.D. 85 (S.D.N.Y. 1973).

Curiously, however, neither party has provided the Court with a clear statement as to which port the apparel products underscoring the Unpaid Invoices were shipped and/or discharged. Plaintiff does not specify in its Complaint. Although Defendant raises the argument that "the port of New York" includes ports in New Jersey in its briefing on its motion to dismiss, Defendant does not ever say or present evidence regarding which port is at issue here. Plaintiff's supplemental

---

[4] https://www.panynj.gov/port/en/index.html.  Under Fed. R. Evidence R. 201, the Court takes judicial notice of this fact as it is readily ascertainable from a reliable source, and generally known within the District. *Williams v. New York City Hous. Auth.*, 816 F. App'x 532, 534 (2d Cir. 2020).

8

declaration, submitted in conjunction with its opposition to the motion to dismiss, reiterates the same unspecific statement that Defendant "would ship products into the port of New York for discharge." Bhatt Decl. ¶ 15. Clarity from either party on this issue would have been more efficient and directly resolved the issue formed by the pending motion. Nonetheless, construing the facts in a light most favorable to Plaintiff, as the Court must, there is a plausible possibility that the port at which the relevant shipments were discharged was indeed located in New York, thereby rendering Defendant subject to personal jurisdiction in New York under CPLR 301(a). But at this juncture, the Court frankly lacks sufficient information to rule on the issue.[5]

## II. Plaintiff is Entitled to Jurisdictional Discovery.

"For a motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) . . . district courts have 'considerable procedural leeway,' which includes 'permit[ting] discovery in aid of the motion' or conducting 'an evidentiary hearing on the merits of the motion.'" *Shepherd v. Annucci*, 921 F.3d 89, 95 (2d Cir. 2019) (quoting *Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 84 (2d Cir. 2013)) (alterations in original). A court may order jurisdictional discovery where, "even if [a] plaintiff has not made a *prima facie* showing [of jurisdiction, it has] made a sufficient start toward establishing personal jurisdiction." *Wilson & Wilson Holdings LLC v. DTH, LLC*, 673 F. Supp. 3d 409, 413 (S.D.N.Y. 2023) (quoting *City of Almaty v. Ablyazov*, 278

---

[5] The declaration Plaintiff submitted in connection with its opposition to the motion to dismiss briefly adds that "[u]pon reviewing past payments . . . the bank account used by Avyan to send the concerned payments to [Plaintiff] has a [specific] swift number." Bhatt Decl. ¶ 16. Plaintiff's representative understands that "Avyan held, used, and conduct[ed] business from a Chase bank account in New York City, which relates back to the swift number used for Avyan's bank account to wire money and payment to [Plaintiff]." Bhatt Decl. ¶ 16. Plaintiff fails, however, to plead any factual allegations supporting the position that their claims in this case "arose from" Defendant's possible use of accounts in these New York transactions. *Daou*, 42 F.4th at 130, 132 (emphasizing that "not every conceivable connection to a New York transaction is substantial enough to confer jurisdiction"). The Complaint "does not include a single allegation that [Defendant] used an actual, specific transaction through a New York [] account *in the course of bringing about* the injuries *on which the claims are predicated*." *Id*. As in *Daou*, Plaintiff here fails to identify "an alleged actual transaction made" through a New York account that "*formed part of the alleged unlawful course of conduct underlying the cause of action* set out in the complaint." *Id*. at 130 (emphasis added).

F. Supp. 3d 776, 809 (S.D.N.Y. 2017)) (internal quotation marks omitted).

Here, construing all facts in a light most favorable to Plaintiff for purposes of this motion, Plaintiff has made a sufficient start towards establishing that personal jurisdiction exists over Defendant in this Court. If jurisdictional discovery demonstrates that the apparel underlying the Unpaid Invoices at issue were shipped into a *New York* port, then this Court would indeed have personal jurisdiction over Defendant pursuant to CPLR 302(a)(1). "In determining the scope of the jurisdictional discovery to permit, the Court is mindful of the need for relevance and proportionality; that is, the discovery permitted must be relevant and proportional to the current needs of the case." *Wilson & Wilson Holdings*, 673 F. Supp. 3d at 414; *see also Carl v. Edwards*, No. 16-CV-03863 (ADS) (AKT), 2017 WL 4271443, at *9 (E.D.N.Y. Sept. 25, 2017) (court has "duty to ensure, in accordance with Rule 26(b)(1) that the discovery sought by Plaintiff—even in the limited jurisdictional context—is both relevant and proportional in light of the particular facts and circumstances of this case").

Accordingly, Plaintiff is entitled to discovery of jurisdictional facts regarding Defendant. Such discovery is relevant for the reasons set forth in Discussion Section I, *supra*. Thus, Plaintiff is entitled to take discovery from Defendant relating to the specific Port in which the apparel products underscoring the Unpaid Invoices were shipped and discharged.

## **CONCLUSION**

For the foregoing reasons, the Defendant's motion to dismiss Plaintiff's Amended Complaint for lack of personal jurisdiction is DENIED *without* prejudice. Within 30 days of this

Order, Plaintiff shall file an Amended Complaint properly alleging personal jurisdiction over Defendant. The Clerk of Court is respectfully requested to terminate docket entry 15.

**SO ORDERED.**

Date:   **August 7, 2024**
        **New York, NY**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**