

October 8, 2024

Hon. Mary Kay Vyskocil
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

**<u>Via Electronic Filing</u>**

      Re:    Style Stitch, Inc. v. The Avyan Group, LLC   1:23-cv-10701-MKV

Dear Judge Vyskocil:

      This firm represents The Avyan Group, LLC, defendant in the above captioned matter. I write to request a premotion conference to discuss Defendant's contemplated motion to dismiss the Second Amended Complaint to R. 12(b)(2) for lack of personal jurisdiction. No inquiry has been made to the Plaintiff, but we assume they will not consent to this motion due to the prior history of the issues of personal jurisdiction.

      The Plaintiff has filed its Second Amended Complaint ("SAC") (ECF #26) to attempt to satisfy the requirements for personal jurisdiction set forth in the Court's order of August 7, 2024 (ECF #20). As set forth in the Court's order, the basis of personal jurisdiction was to be based on the location of the port at which the goods were delivered. Notably, Plaintiff failed to make any discovery requests during the period provided by the Court for such discovery and instead filed its Second Amended Complaint with only limited changes in regard to this issue, along with a specious claim about the initiation of wire transfers from within the District.

      Rather than allege that the Defendant received any goods within the District, the Plaintiff now alleges that Defendant engaged a freight forwarder (essentially a shipping agent) who conducts business in Jamaica, Queens (notably, not in this District). Without any factual detail, the Plaintiff alleges that "Mr. Chowdhary structured deals to have the freight for the apparel products paid at destination in New York, New York to and through the New York Freight Forwarder." SAC at ¶10. Leaving aside that the freight forwarder does not have offices in New York, New York, and is not in this District (which alone would defeat the imposition of jurisdiction on the basis of this alone), nothing in the SAC explains the basis of this claim or why Mr. Chowdhary's dealings with a third party should subject the Defendant to personal jurisdiction in this District, especially in light of the Court's prior determination that "[w]here Plaintiff falls short, however, is its lack of factual allegations supporting the position that its claims in this case—which relate to the breach of contract between India-based Plaintiff and New Jersey-based Defendant—"arose from"




any of the unrelated business transactions Defendant may have had with non-party retailers in New York." (ECF #20 at P.7). There is no basis in the SAC to distinguish the "freight forwarder" from other New York businesses that the Plaintiff alleges that the Defendant did business with.

The allegations in ¶¶20-23 are no more helpful to the Plaintiff's claims. As an initial matter, the allegation that Defendant was consignee of items delivered in New York is false. The paperwork for the referenced shipment demonstrates that it was delivered to Maher Terminal in Elizabeth, New Jersey. Exh. A hereto. Not only that, but the goods were ordered in India and to be delivered "FOB NHAVA SHEVA" which is a port in India. Exh. B. "Generally, use of the term FOB '"means that title to property passes from the seller to buyer at the designated FOB point.'" *Atateks Foreign Trade Ltd. v. Private Label Sourcing, LLC*, No. 07CV6665(HB), 2009 U.S. Dist. LEXIS 54670, at *26 (S.D.N.Y. June 23, 2009) quoting *Berisford Metals Corp. v. S/S Salvador*, 779 F.2d 841, 843 n.2 (2d Cir. 1985). As such, title to the goods passed to Defendant in India, and the business location of the freight forwarder has no bearing on the questions in this action, which is for payment of goods that were sold in India and delivered to New Jersey.

The second transaction referenced by the Plaintiff, is an unrelated transaction that is not between the Plaintiff and Defendant, occurred long after this action was commenced and is simply another example of the Plaintiff pointing to the fact that Defendant engages in business with New York businesses, but not that this transaction has anything to do with the State of New York or the Southern District of New York. If the Court believes that the SAC has satisfied the requirements of New York's long-arm statute, then the Defendant would suggest that the tangential relationship to New York alleged by the Plaintiff, which is outside of this District, would raise serious constitutional due process concerns. *See Best Van Lines, Inc. v. Walker,* 490 F.3d 239, 247 (2d Cir. 2007).

Finally, even if the Court is ultimately satisfied that it possesses personal jurisdiction, the Defendant would be seeking to transfer the matter to the District of New Jersey pursuant to 28 U.S.C. §1404 based on the fact that this District is not the proper venue for this action, and for the convenience of the witnesses in this matter. The only witnesses that live domestically are Mr. Chowdhary and he lives in the area of Princeton, New Jersey. The District of New Jersey courthouse in Trenton is a only a few minutes from his home, and as the events that occurred in this matter largely occurred in that District, venue is more appropriate in the District of New Jersey.

Very truly yours,

Avram E. Frisch

Cc: Plaintiff

