

525 Seventh Avenue, Ste 1810<br>
New York, NY 10018<br>
t. 646-760-7013<br>
sk@kakarlaw.net

*Writer*: **Sumeer Kakar, Esq.**

October 14, 2024

**Via ECF**
Hon. Mary Kay Vyskocil
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St. New York, NY 10007

        Re:    <u>Style Stitch, Inc. v. The Avyan Group, LLC 1:23-cv-10701-MKV</u>
              *Second* Pre-motion Letter Response by Plaintiff
              Personal Jurisdiction

Dear Judge Vyskocil:

      The undersigned, as counsel of record for Plaintiff Style Stitch, Inc. ("SSI"), is in receipt of Defendant's second pre-motion letter. *See* Dk. No. 27. This is the first time the undersigned has learned of the Defendant's continued jurisdictional challenge. *Id.*, despite Plaintiff meeting the burden set forth in the Court's Order denying the initial motion to dismiss. See Dk. No. 20.

      In short, Plaintiff has met the pleadings burden set forth by Federal Rule (8)(a)(1), Defendant seeks to impermissibly force Plaintiff to go above and beyond the *Iqbal / Twombly* standard to include enough factual allegations to make the asserted claim plausible.

      The Court in its Order (Dkt. No. 20, P. 7) notes that the Plaintiff missed the mark by lacking factual allegations to support the position that the concerned claims arose from or are related to the Defendant's business activities in New York. The Order also establishes that Section 302(a)(1) of New York's long arm statute is a single act statute, and proof of one transaction in New York may be sufficient to invoke jurisdiction. *Id.*, at P. 6 (internal marks omitted).

      Here, through the Second Amended Complaint ("SAC"), Dkt. No. 26, the Plaintiff sufficiently supplements the pleading to uphold the Court's denial of the Defendant's first motion to dismiss predicated on the same jurisdictional issues raised here.

      Among other New York business activities, the Defendant uses a specifically

identified New York based freight forwarded who brings product into the ports located in New York. SAC, at 10, 11, 19-22, 32. Through paragraphs 21 and 22, the Plaintiff identifies in detail documents, with vessel and container numbers, that shows Defendant used the port of New York, New York to import some of the concerned apparel product from Plaintiff. The SAC further fortifies its allegations linking the claims to Defendant's New York activities through paragraph 32, making clear that the New York based freight forwarder was used to import and discharge the goods giving rise to the claims in the SAC. Through the foregoing, *inter alia*, Plaintiff has met its pleadings burden as well as the shortcomings raised in the Court's Order; thus, allowing for the Court to deny the Defendant another shot at a motion to dismiss based on personal jurisdiction.

Separately, in passing, Defendant refers to a potential motion to transfer the action under 28 U.S.C. §1404, for the sole convenience of the Defendant's sole principal and moving force (Mr. Chowdhary). The Defendant misses the mark on a change of venue motion, perhaps why Defendant only makes a passing reference to it.

A motion to transfer is predicated on several factors; in determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011).

Here, there are several identifiable witnesses that are not just Mr. Chowdhary, for instance, the Plaintiff has identified, *inter alia*, the **retail buyers** who bought and paid for the goods giving rise to the claims here (SAC, at 9, 17), **freight forwarders** that will establish the concerned goods that were released from the Plaintiff were discharged and given to Defendant (SAC, at 9, 10, 23), and Defendant's **bank and factoring representatives** who will demonstrate that Defendant received and collected payment on the goods underscoring the SAC (SAC, at 29, 42).

Next, the unpaid for goods identified in the SAC are alleged to have come into New York, sold in New York, and payment collected by Defendant through New York banks, which meets the threshold for "the locus of operative facts." This Court is also close to the location of the necessary documents for the allegations, which includes, inter alia, the bank records from Chase's New York branch and the New York based factor, the sales and payment records from the New York based retail buyers, and the import clearance records from the New York based freight forwarder. In short, it is ostensibly clear that Defendant won't pass muster on a motion based on 28 U.S.C. §1404, and in the interest of time and judicial efficiencies, Defendant's further attempts to delay this litigation should be completely denied.

Given the foregoing, Plaintiff respectfully requests the Court deny the Defendant's request for a premotion conference and enter an Order setting forth an Initial Pre-trial Conference for a date and time suitable for the Court.

Respectfully Submitted,
/s/ Sumeer Kakar
Sumeer Kakar, Esq.
