UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STYLE STITCH, INC.<br>*Plaintiff*,<br><br>vs.<br><br>THE AVYAN GROUP, LLC.<br>*Defendant*. | Civil Action No.<br>1:23-cv-10701-MKV |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO DISMISS**

                **THE LAW OFFICE OF AVRAM E. FRISCH LLC**
                *Attorneys for Defendant*

                Avram E. Frisch, Esq.
                1 University Plaza, Suite 119
                Hackensack, NJ 07601
                201-289-5352
                frischa@avifrischlaw.com

# Contents

Table of Authorities ................................................................................................................... 3
    A.    **Introduction** ............................................................................................................. 1
    B.    **Procedural History** ................................................................................................. 1
    C.    **Plaintiff's Claim Fails to Demonstrate that this Court has Personal Jurisdiction** ................... 2
**CONCLUSION** ........................................................................................................................ 6

# Table of Authorities

## Cases

.” *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 247 (2d Cir. 2007)............................................................. 6
*Arrowsmith v. United Press Int'l*, 320 F.2d 219, 223 (2d Cir. 1963) ............................................................ 2
*Atateks Foreign Trade Ltd. v. Private Label Sourcing, LLC*, No. 07CV6665(HB), 2009 U.S. Dist. LEXIS 54670, at *26 (S.D.N.Y. June 23, 2009) .................................................................................................. 5
*Austin v. Town of Farmington*, 826 F.3d 622, 625 (2d Cir. 2016) ................................................................ 3
*Berisford Metals Corp. v. S/S Salvador*, 779 F.2d 841, 843 n.2 (2d Cir. 1985) ............................................ 6
*Cabot Lodge Sec., LLC v. Stoltmann Law Offices, P.C.*, No. 23-cv-3970 (AS), 2023 U.S. Dist. LEXIS 185016, at *2-3 (S.D.N.Y. Oct. 16, 2023) ................................................................................................ 2
*Hanson v. Denckla*, 357 U.S. 235, 78 S. Ct. 1228, 2 L. Ed. 2d 1283 (1958)................................................ 6
*Longines-Wittnauer Watch Co. v. Barnes & Reinecke*, 15 N.Y.2d 443, 261 N.Y.S.2d 8, 209 N.E.2d 68 (1965)............................................................................................................................................................ 6
*McKee Elec. Co. v. Rauland-Borg Corp.*, 20 N.Y.2d 377, 382, 229 N.E.2d 604, 607, 283 N.Y.S.2d 34, 37-38 (1967)............................................................................................................................................. 6

A. **Introduction**

The Defendant moves to dismiss the Plaintiff's Second Amended Complaint for lack of personal jurisdiction. Despite numerous opportunities to demonstrate that this Court possesses jurisdiction over the Defendant, which undoubtedly is a domiciliary of the State of New Jersey, the Plaintiff has failed to demonstrate any basis for jurisdiction. At this juncture, the Court must dismiss this action as the Plaintiff has had every opportunity to demonstrate that this is the correct forum for the action.

B. **Procedural History**

Plaintiff initially filed its complaint on December 7, 2023. ECF #1. The Defendant filed a letter seeking leave for a motion to dismiss based on personal jurisdiction on December 20, 2023. ECF #10. On December 28, 2023, the Court set forth a motion schedule and also provided the Plaintiff leave to amend its complaint. ECF #12. The Plaintiff filed its First Amended Complaint on January 26, 2024, with minor revisions to the initial complaint. ECF #14. Seeing that the deficiencies in the initial complaint were not corrected, the Defendant filed its motion to dismiss on February 1, 2024. ECF #15. The Plaintiff opposed the motion, and the Court decided the motion on August 7, 2024. ECF #20.

The Court determined that the First Amended Complaint failed to plead personal jurisdiction over the Defendant. *Id.* at P. 5. First, the Court noted that the Plaintiff had not pled sufficient allegations to justify a claim of general personal jurisdiction. *Id.* at n.3. The Court noted that for specific personal jurisdiction under New York's long-arm statute, the Plaintiff must allege that the Defendant must have transacted business within the State of New York and that the transaction must relate to the claim at issue in the action. *Id.* at p.6. The Court determined that none of the allegations in the First Amended Complaint demonstrated that the Defendant engaged

1

in transactions relating to the claims of the Plaintiff in the State of New York. *Id.* at P. 8. Finding that the Plaintiff might be able to demonstrate that some of the goods were in fact delivered to a port in the State of New York, the Court granted the Plaintiff time for jurisdictional discovery and the opportunity to file a Second Amended Complaint ("SAC"). *Id.* at p. 9.

Despite the Court's indulgence, the Plaintiff sought no discovery from the Defendant, and after an extension of time filed the SAC on October 7, 2024. ECF #26. Defendant again sought leave to move to dismiss for lack of personal jurisdiction. ECF #27. The Court also afforded the Plaintiff an opportunity to file a third amended complaint, but the Plaintiff has not done so, despite stating in correspondence to the Court that it would file a third amended complaint. ECF#30. Due to the fact that the Plaintiff has not timely filed its further amended complaint, this motion to dismiss the SAC is being filed in accordance with the Court's order of October 18, 2024. ECF #29.

**C. Plaintiff's Claim Fails to Demonstrate that this Court has Personal Jurisdiction**

As already discussed in the prior motion, it is undisputed that the Defendant is a New Jersey limited liability company, and that its sole member, Sumit Chowdhary is a resident of 5 Cambridge Way, Princeton Junction, New Jersey. Plaintiff is thus forced to justify personal jurisdiction in this jurisdiction on the New York long arm statute. "[T]he amenability of a foreign corporation to suit in a federal court in a diversity action is determined in accordance with the law of the state where the court sits." *Arrowsmith v. United Press Int'l*, 320 F.2d 219, 223 (2d Cir. 1963). "In reviewing a motion to dismiss, the Court 'accept[s] all factual allegations as true, and draw[s] all reasonable inferences in the plaintiff's favor.'" *Cabot Lodge Sec., LLC v. Stoltmann Law Offices, P.C.*, No. 23-cv-3970 (AS), 2023 U.S. Dist. LEXIS 185016, at *2-3 (S.D.N.Y. Oct. 16, 2023) quoting *Austin v. Town of Farmington*, 826 F.3d 622, 625 (2d Cir. 2016).

Plaintiff's SAC now sets forth the following additional facts to justify the imposition of

2

personal jurisdiction in this district[1]:

    a. Mr. Chowdhary used the services of a "freight forwarder" in Queens, New York. SAC at ¶10.

    b. That the Defendant "structured deals" to have the freight for apparel paid at the destination in New York. SAC at ¶11.

    c. To provide more information about the alleged shipments into New York, the Plaintiff alleges:

> *More specifically, the Multimodal Transport Document ("MTD") No. TF/NYK/3320 establishes that TAG imported into the port of New York, United States from Plaintiff ladies apparel products weighing no less than 14,500 lbs., through Vessel and Voyage No. CMAMCGM IVANHOE V-3108, from container No. CMAU-6521931, possessing seal No. C6078350, and TAG paid the New York Freight Forwarder collect for the release and delivery through the port of New York, United States for the said ladies apparel products.*

SAC ¶21.

    d. Further, the Plaintiff alleges: "The said MTD TF/NYK/3320, which delivered ladies garments to TAG from the Plaintiff, notes that the (i) destination port charges of New York, United States is on the account of the consignee (TAG), and (ii) freight charges are to be payable on collect through the New York Freight Forwarder." SAC ¶22.

    e. Plaintiff then alleges that during the instant action, the Defendant imported

---

[1] Defendant is not going to reiterate arguments made in regard to the First Amended Complaint that the Court has already ruled previously were insufficient to justify the imposition of personal jurisdiction. To the extent necessary, the Defendant incorporates same herein by reference.

3

unrelated goods through a New York freight forwarder called John F. Kilroy Co. Inc. SAC ¶23. The relationship between this alleged fact and the instant action is unspecified.

 f. Plaintiff alleges that the Defendant used Chase Bank in New York City, apparently unaware that Chase Bank has branches all over the United States. SAC ¶29.

 g. Finally, the Plaintiff alleges, without any detail, that the Defendant obtains credit from a New York City "factor" without explaining the relationship to the Plaintiff's claims. SAC ¶41.

Nothing in these allegations satisfies the requirements of the New York Long-Arm statute or the Court's prior directions to the Plaintiff to allege a direct connection between the transaction between the parties and the State of New York. For the most part, the SAC continues the Plaintiff's erroneous approach of mistaking the fact that the Defendant does business with New York companies as a reason for asserting jurisdiction against the Defendant in this action. The fact that the Defendant utilizes businesses that operate out of New York does not create general jurisdiction, as there is no basis to assume that every party that obtains credit from a New York banking institution (such as Chase or the unnamed "discount factor") or obtains shipping services from a New York company is now conducting its business in New York. Rather, the Defendant is perfectly capable of conducting its business in interstate commerce by phone or internet communications, the same way that the Defendant conducted business with the Plaintiff in India.

The allegation regarding the Queens based freight forwarder is similar to the claim relating to Chase. Aside from the fact that the freight forwarder does not have offices in New York, New York, and is not in this District (which alone would defeat the imposition of jurisdiction on the basis of this alone), nothing in the SAC explains the basis of this claim or why Mr. Chowdhary's

4

dealings with a third party should subject the Defendant to personal jurisdiction in this District, especially in light of the Court's prior determination that "[w]here Plaintiff falls short, however, is its lack of factual allegations supporting the position that its claims in this case—which relate to the breach of contract between India-based Plaintiff and New Jersey-based Defendant—"arose from" any of the unrelated business transactions Defendant may have had with non-party retailers in New York." (ECF #20 at P.7). There is no basis in the SAC to distinguish the "freight forwarder" from other New York businesses that the Plaintiff alleges that the Defendant did business with.

The allegations in ¶¶20-23 are no more helpful to the Plaintiff's claims. As an initial matter, the allegation that Defendant was consignee of items delivered in New York is false. The paperwork for the referenced shipment demonstrates that it was delivered to Maher Terminal in Elizabeth, New Jersey. Chowdhary Cert Exh. A. Not only that, but the goods were ordered in India and to be delivered "FOB NHAVA SHEVA" which is a port in India. Chowdhary Exh. C. "Generally, use of the term FOB '"means that title to property passes from the seller to buyer at the designated FOB point.'" *Atateks Foreign Trade Ltd. v. Private Label Sourcing, LLC*, No. 07CV6665(HB), 2009 U.S. Dist. LEXIS 54670, at *26 (S.D.N.Y. June 23, 2009) quoting *Berisford Metals Corp. v. S/S Salvador*, 779 F.2d 841, 843 n.2 (2d Cir. 1985). As such, title to the goods passed to Defendant in India, and the business location of the freight forwarder has no bearing on the questions in this action, which is for payment of goods that were sold in India and delivered to New Jersey.

The Plaintiff's insistence on attempting to bring this action in this District is made even more bizarre by the fact that they are a foreign entity with no apparent connection to this District either. The imposition of jurisdiction in this jurisdiction, even if the Court believes that the alleged contacts constitute a sufficient relationship to New York to qualify under New York's long-arm

statute, would clearly violate the Due Process Clause of the Constitution.  "[I]t seems to us the contacts here, rather than being minimal, were so infinitesimal, both in light of *Hanson v. Denckla*, 357 U.S. 235, 78 S. Ct. 1228, 2 L. Ed. 2d 1283 (1958), and *Longines-Wittnauer Watch Co. v. Barnes & Reinecke*, 15 N.Y.2d 443, 261 N.Y.S.2d 8, 209 N.E.2d 68 (1965), that jurisdiction of the New York courts cannot be sustained." *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 247 (2d Cir. 2007) quoting *McKee Elec. Co. v. Rauland-Borg Corp.*, 20 N.Y.2d 377, 382, 229 N.E.2d 604, 607, 283 N.Y.S.2d 34, 37-38 (1967).  Not a single contact has been alleged in this District, and even those contacts in New York do not relate to the transaction at issue.  Imposing the burden on an out of state resident to defend a case far from his home in a venue that has no relationship to the action whatsoever, offends all notions of fairness and due process.

## CONCLUSION

For all of the above-mentioned reasons, Defendant respectfully requests that the Court grant their motion to dismiss the Complaint.

Dated: Hackensack, New Jersey
November 4, 2024

                              **THE LAW OFFICE OF AVRAM E. FRISCH LLC**
                              *Attorneys for Defendant*

By: _____
      Avram E. Frisch, Esq.
      1 University Plaza, Suite 119
      Hackensack, NJ 07601
      201-289-5352
      frischa@avifrischlaw.com