Sumeer Kakar
KAKAR, P.C.
sk@kakarlaw.net
525 Seventh Avenue
Suite 1810
New York, NY 10018
Tel: 646-880-9360
*Attorneys for Plaintiff STYLE STITCH, INC.*

## UNITED STATES DISTRICT COURT
## FOR THESOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **STYLE STITCH, INC.,** | **Case No: 23-cv-10701-MKV** |
| **Plaintiff,** | |
| **vs.** | |
| **THE AVYAN GROUP, LLC,** | |
| **Defendant.** | |

## MEMORANDUM OF LAW IN OPPOSITION TO
## DEFENDANT THE AVYAN GROUP, LLC'S SECOND MOTION TO DISMISS

## PRELIMINARY STATEMENT

Plaintiff Style Stitch, Inc. ("Plaintiff" or "SSI") respectfully submits its memorandum of law in opposition to Defendant's Second Motion to Dismiss that is based on Federal Rules of Civil Procedure 12(b)(2).

The Court previously opined and entered an order on the Defendant's initial motion to dismiss. Dkt. No. 20.

In its opinion the Court crystalized the operative remaining question of whether personal jurisdiction can be exercised over the Defendant— "while Plaintiff may have sufficiently alleged that Defendant 'transacted business within the state' under CPLR 302(a)(1), the Court struggles to find allegations which plausibly allege that Plaintiff's claims 'arose from' any of the alleged business transactions that occurred in New York. *See Id*. at 7. The Court clarified that, *inter alia*, additional detailed factual basis of the allegation concerning that the apparel products underscoring the operative complaint came into the port of New York. *Id.* at 8. The Second Amended Complaint ("SAC") addresses the Court's concerns in the previous order (Dkt. No. 20), passing muster to continue in this action in this Court.

The law is clear that in opposing a motion to dismiss based on jurisdictional grounds, a plaintiff must only submit factual allegations which constitute a *prima facie* showing of jurisdiction. In its SAC and in the collective motion papers, SSI has clearly made a *prima facie* showing that this Court has long arm jurisdiction over Defendant The Avyan Group. LLC. ("Avyan" or "Defendant") under Sections 302(a) of the New York Civil Practice Law and Rules ("CPLR").

**[This Space Is Intentionally Left Blank.]**

**STATEMENT OF FACTS**

The Plaintiff refers to the SAC as well as all the papers submitted by the parties in this Action, as outlined in the Court's previous order, and incorporates the same.

**ARGUMENT**

The Plaintiff recognizes that the Court has set forth the prism of the application of the law and the standard thereof in the Court's previous order as it is applicable to determining personal jurisdiction. *See* Dkt. No. 20. Nonetheless, the Plaintiff would be remiss if not to point out that while the Plaintiff has the burden of showing that the Court has jurisdiction, the posture of this case and the motion practice to date demonstrates that the Plaintiff's burden is distilled to the factual allegations that Defendant benefited from the ports of New York and its offers. *See generally,* Metropolitan Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 566 (2d Cir.1996).

Second, at the motion to dismiss stage, the Court must construe the pleadings and any supporting materials in the light most favorable to the plaintiffs, resolving any doubts in favor of jurisdiction. *See Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.,* 722 F.3d 81, 85 (2d Cir.2013).

In line with *Iqbal* and *Twombly*, Defendant's instant motion can only target Plaintiff's allegations relevant to the Defendant's use of and benefit from the port of New York, and given the SAC, the Plaintiff indeed provides sufficient factual allegations and content, which accepted as true, states the basis for jurisdiction. *Ashcroft v. Iqbal,* 556 U.S. 662, 678,129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) *(quoting Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Plaintiff is afforded deference at this stage given the substance and depth of its allegations. *Id.*

## A. THIS COURT HAS PERSONAL JURISDICTION

In its last order and opinion (Dkt. No. 20), the Court was clear that the Plaintiff fell short by not detailing and demonstrating allegations relevant to the use and importation of the apparel products underscoring the dispute laid out in the SAC. In the SAC, addresses the said shortcoming by, *inter alia*, alleging paragraphs 20-23. The specific shipment identified in detail in the SAC arises from a Multimodal Transport Document ("MTD") No. TF/NYK/3320 that states the Defendant as the consignee, the Plaintiff as the consignor, and the port of discharge as New York, USA. *See* Decl. Sumeer Kakar ("SK"), Exh. A. Next, the same document identifies the delivery agent as a company located and operating in New York City. *Id*.

The SAC meets the pleading burden laid out by indisputable case law and distilled by this Court through its recent order—there are now detailed allegations that close the loop under CPLR 302(a)(1) to demonstrate that the Defendant (who uses the forum on a regular basis) used this forum and district in furtherance of its unlawful acts complained of in the SAC.

In addition to the foregoing, the Plaintiff is also mindful of the Court's guidance in footnote 5 of the order. Dkt. No. 20, FN 5. To this end, the Plaintiff points to its allegations under, *inter* alia, paragraph 29 and 42 of the SAC. Plaintiff details the swift number linked the Chase Bank New York branch used by Defendant to conduct business with at least the Plaintiff. See SAC, at 29.

## CONCLUSION

For the foregoing reasons, coupled with the Court's instructive order and all other papers on the docket, the Court should deny Avyan's motion to dismiss with *prejudice*. *Alternatively*, if the Court finds in favor of Avyan, we ask that the Court transfer this case to a Court it believes that jurisdiction lies so that the merit-based claims against the Defendant can continue.

Respectfully submitted,

Sumeer Kakar, Esq.

4